**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **IN THE MATTER OF THE** | § | |
| **COMPLAINT AND PETITION OF** | § | |
| **TIMTOM LAND HOLDINGS, LLC AS** | § | |
| **OWNER OF THE M/V JACQUES-IMO,** | § | **C. A. NO.** |
| **SHAMROCK MARINE, LLC AS** | § | |
| **OWNER OF THE T/B SHAMROCK 500** | § | **ADMIRALTY – FRCP 9(h)** |
| **AND BUFFALO MARINE SERVICE,** | § | |
| **INC. AS OWNER PRO HAC VICE OF** | § | |
| **THE M/V JACQUES- IMO AND T/B** | § | |
| **SHAMROCK 500 IN A CAUSE OF** | | |
| **EXONERATION FROM OR LIMITATION** | | |
| **OF LIABILITY** | | |

## ORIGINAL COMPLAINT AND PETITION FOR
## EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

The Complaint and Petition of Timtom Land Holdings, LLC, as Owner of the M/V

JACQUES-IMO, her engines, tackle, appurtenances, etc., Shamrock Marine, LLC, as Owner of the

T/B SHAMROCK 500, her engines, tackle, appurtenances, etc. and Buffalo Marine Service, Inc.,

as Owner Pro Hac Vice of the M/V JACQUES-IMO, her engines, tackle, appurtenances, etc. and of

the T/B SHAMROCK 50, her engines, tackle, appurtanances, etc. in a cause of exoneration from or

limitation of liability, civil and maritime, alleges upon information and belief as follows:

**I.**

This Court has jurisdiction over these proceedings pursuant to Title 28 U.S.C. §1331 and 28

U.S.C. §1333.

1

## II.

Petitioner, Timtom Land Holdings, LLC, was at all times hereinafter mentioned and material hereto and now is a limited liability company or other business entity duly organized and existing under and by virtue of law with a principal office, place of business and a base of operations within this State.

## III.

At all times hereinafter mentioned and material hereto, Petitioner, Timtom Land Holdings, LLC. was the registered Owner of the M/V JACQUES- IMO, Official No. 1244103.

## IV.

Prior to the occurrence hereinafter described, the M/V JACQUES-IMO, was a steel hull inland pushboat. This vessel was at all times material hereto in all respects tight, staunch, strong, sufficiently manned, supplied, equipped and furnished and in all respects seaworthy for the services in which she was engaged.

## V.

Petitioner, Shamrock Marine, LLC was at all times hereinafter mentioned and material hereto a limited liability company or other business entity with principal office, place of business and a base of operations in this State.

## VI.

Petitioner, Shamrock Marine, LLC was at all times mentioned and material hereto the registered Owner of the T/B SHAMROCK 500, Official No. 1231402.

## VII.

Prior to the occurrence hereinafter described, the T/B SHAMROCK 500 was a steel hull inland tank barge This vessel was at all times material hereto in all respects tight, staunch, strong, sufficiently manned,

2

supplied, equipped and furnished and in all respects seaworthy for the services in which she was engaged.

**VIII.**

Petitioner, Buffalo Marine Service, Inc. was at all time hereinafter mentioned and material hereto the Owner Pro Hac Vice of both the M/V JACQUES-IMO and T/B SHAMROCK 500.

**IX.**

On or about 2253 hours on January 7, 2024, the M/V JACQUES-IMO and T/B SHAMROCK 500 commenced the voyage in question from Lakeside Fleet at or near Channelview, Texas bound for Barbour's Cut Container Dock No. 5 to deliver bunker fuel to the M/V STRIDE which lay moored alongside that dock facility.   After arrival at that dock facility , mooring and passing a  four (4) inch bunker hose connected to the discharge  manifold of  the T/B SHAMROCK 500 up to the crew of the M/V STRIDE for their connection of the opposite end of the hose to their six (6) inch receiving manifold on the main deck of the M/V STRIDE and Petitioners' following all proper  procedures prior to initiation of a fuel transfer, the actual transfer of bunker fuel began.

During the early morning hours of January 8, 2024, several minutes after the fuel transfer began, Buffalo Marine Service, Inc. crew members received radio communication from the M/V STRIDE to shut down the transfer. At that time, the fuel transfer was quickly terminated on the T/B SHAMROCK 500 which immediately ceased the transfer.

It was later reported that the reason for the request to shut down the transfer was that a fire had broken out in the engine room of the M/V STRIDE as a result of which some of her crew had been injured or killed.

The M/V JACQUES-IMO and T/B SHAMROCK 500 were ultimately released from alongside the M/V  STRIDE and proceeded to the Buffalo Marine Service, Inc. Yard in Houston, Texas, arriving at or about 1130  hours  on January 8, 2024 at which time this voyage ended.

## X.

The incident described above and all injuries and damages allegedly resulting therefrom were not caused or contributed to by any fault, negligence or want of care or design on the part of the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 and/or any of the Petitioners herein or anyone for whom the Petitioners may be responsible.

## XI.

The incident above described was occasioned and incurred without the privity and knowledge of the Petitioners or any of their respective shoreside managerial employees.

## XII.

The following actions have been commenced against Petitioner, Buffalo Marine Service, Inc.:

1. An action in the United States District Court for the Southern District of Texas – Houston Division pending under Civil Action No. 4:24-cv-1001 styled "Habibu Othman Khamis, Plaintiff v. Stride, Danaos Corp, Ironman Protection LLC, Cosco Shipping Lines (North America) Inc. and Buffalo Marine Service, Inc." The attorneys in that action are Vanessa Gilmore, Sean A. Robert, Nathan Mays and Anjali Sharma of Roberts Markland LLP, 2555 N. Macgregor Way, Houston, Texas 77004 / Phone 713-630-0900. The amount of damages claimed by Plaintiff against any or all listed Defendants is unspecified;

2. An action in the 133rd Judicial District Court of Harris County, Texas pending under Cause No. 2024-33824 and styled " Kseniia Taigachev, Individually and as Representative of the Estate of Konstantin Taigachev, Deceased, et. al., Plaintiffs v. Buffalo Marine Service, Inc., Defendant. The attorneys in that action are Brian Beckcom and Brendan Fradkin of VB Attorneys,

6363 Woodway Drive, Suite 400, Houston, Texas 77057 / Phone 713-224-7800. The amount of damages claimed by the Plaintiffs is unspecified, but claimed to be within the jurisdictional limits of that Court.

## XIII.

In addition to the foregoing, the following claims have been made or are expected against Buffalo Marine Service, Inc.:

1. Claims of Danaos Shipping Co. Ltd. against one or more of the Petitioners for any and all damages sustained by it and/or the M/V STRIDE in relation to the incident described above. The attorneys for these Claimants are Kelly C. Hartmann, Trenton J. Wallis and Jacob C. Soto of Galloway, Johnson, Tompkins, Burr & Smith, 1301 McKinney , Suite 1400, Houston Texas 77010 / Phone 713-599-0700. The amount of damages claimed has not been specified;

2. Claims by others at interest with Danaos Shipping Co. Ltd. and/or the MV/V STRIDE for any and all damages sustained by them and/or the M/V STRIDE in relation to the incident described above. The amount of damages claimed by these anticipated Claimants has not been specified nor has their legal representation (if any) be revealed.

## XIV.

Except as otherwise stated herein, there are no demands, unsatisfied liens or claims of liens, in contract or in tort, against the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 so far as known to Petitioners at this time, and except as otherwise stated herein, no known suits are pending thereon, nor have either the M/V JACQUES- IMO or the T/B SHAMROCK 500 been attached or arrested or

the Petitioners otherwise sued to answer any claims arising on or after the vessel's aforementioned voyage.

## XV.

The amount of the expected claims and demands hereinabove greatly exceeds the amount and value of the Petitioners' interest in the M/V JACQUES-IMO and/or T/B SHAMROCK 500 immediately after the aforesaid occurrence and their then pending freight.

Petitioners believe and therefore allege that the value of the M/V JACQUES-IMO on or about January 8, 2024, immediately after the incident described above, does not exceed FOUR MILLION AND NO/100 DOLLARS ($4,000,000.00). See attached Exhibit "A" - Affidavit of Value. The M/V JACQUES-IMO was not damaged, lost or abandoned as a result of this incident.

Petitioners believe and therefore allege that the value of the T/B SHAMROCK 500 on or about January 8, 2024 immediately after the incident described above, does not exceed THREE MILLION FOUR HUNDRED THOUSAND AND NO/100 DOLLARS ($3,400,000.00). See attached Exhibit "A" – Affidavit of Value. The T/B SHAMROCK 500 was not damaged, lost or abandoned as a result of this incident.

At the time of the incident, the M/V JACQUES-IMO and T/B SHAMROCK 500 were engaged in a trip or voyage earning revenue for the Petitioners in the amount of approximately THREE THOUSAND SEVERN HUNDRED FIFTY AND NO/100 DOLLARS ($3,750.00). See attached Exhibit "B" – Affidavit of Pending Freight. The combined value of the vessels after the above-described incident and the pending freight therefore totals SEVEN MILLION FOUR HUNDRED THREE THOUSAND SEVEN HUNDRED FIFTY AND NO/100 DOLLARS ($7,403,750.00) which is substantially less than the amounts of the claims expected, whether as set forth above or otherwise.

## XVI.

Petitioners, as Owners and/or Owners Pro Hac Vice of the M/V JACQUES-IMO and T/B SHAMROCK 500, desire to claim the benefits of the provisions of 46 U.S.C. § 181, et. seq., Rule F of the Supplementary Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of Congress of the United States amendatory thereof or supplemental thereto and the rules and practices of this Honorable Court and the Supreme Court of the United States, and in this action, by reason of the facts hereinabove set forth, to contest their liability and the liability of the M/V JACQUES-IMO and T/B SHAMROCK 500 to any extent whatsoever for any and all loss, injury, expense and damages allegedly occasioned or incurred by reason of the aforementioned incident and/or trip/voyage and to that end are ready and willing to give an Ad Interim Stipulation for Costs and to Abide Decree Under Rule F and Other Supplemental Rules for Certain Admiralty and Maritime Claims with sufficient surety for the payment to the Court of the amount or value of Petitioners' interest in the said vessels and their pending freight immediately following the aforesaid casualty on January 8, 2024, with interest at six percent (6%) per annum from the date of the Ad Interim Stipulation and costs, whenever the same shall be ordered as provided in the applicable statutes and rules and practices of this Honorable Court and subject to such appraisal as the Court may direct. An Ad Interim Stipulation/Letter of Undertaking executed on behalf of Petitioners' Protection & Indemnity Association (Steamship Mutual Underwriting Association Limited) is an appropriate form of security.

## XVII.

Petitioners hereby offer an Ad Interim Stipulation / Letter of Undertaking from their Protection & Indemnity Association to be executed by Steamship Insurance Management Services Limited for and on behalf of Steamship Mutual Underwriting Association Limited, in the amount of SEVEN

MILLION FOR HUNDRED THREE THOUSAND SEVEN HUNDRED FIFTY AND NO/100

DOLLARS ($7,403,750.00) covering the value of Petitioners' interest in the M/V JACQUES-IMO

and T/B SHAMROCK 500 and their then pending freight at the termination of the trip/voyage in question

together with interest at the rate of six percent (6%) per annum from the date of the Ad Interim Stipulation

and for costs, said Ad Interim Stipulation being to secure the payment in the Court, whenever the Court

shall so order, of the aggregate amount of the value of the Petitioners' interest in these specific vessels

and their then pending freight.

## XVIII.

Petitioners are willing to increase the value of the Ad Interim Stipulation, with sufficient surety, in

said amount as the Court may from time to time order, or will pay in the Court the amount or value of

Petitioners' interest in the  specific vessels and pending freight as found by the Court either as a result of

the hearing on the confirmation of a Commissioner's Report, or will file in this proceeding an additional

stipulation in the usual form with sufficient surety in such amount as the Court may direct from time to

time, together with interest at the rate of six percent (6%) per annum from date, plus costs of court. In the

event a payment is posted or an additional stipulation is filed, any previously posted Ad Interim Stipulation

is to be considered void.

## XIX.

Petitioners' offer of security as set forth above is not and is not to be construed as a waiver

or relinquishment, in whole or in part, of their rights to seek exoneration from all liability in relation

to any and all claims and/or suits arising out of and/or or directly or indirectly connected with the

voyage and/or incident at issue herein. Petitioners expressly reserve all rights to seek exoneration

as above.

Moreover, without admission of liability in whole or in part, if it is ultimately determined

that only one or the other (but not both) of the Petitioners' vessels herein (M/V JACQUES-IMO

and T/B SHAMROCK 500) are ultimately found to be the "offending vessel" as that phrase is commonly known in "limitation of liability" parlance, Petitioners expressly reserve the right to move for reduction of the value of the "limitation fund" consistent with that ultimate factual determination, to revise their posting of security and to further limit their liability accordingly.

## XX.

All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, Petitioners prays:

(1)     That this Court cause due appraisement to be made of the value of Petitioners' interest in the M/V JACQUES-IMO and the T/B SHAMROCK 500 and their pending freight immediately following the above-described incident;

(2)     That the Court make an Order directing the Petitioners to file an appropriate Ad Interim Stipulation for Costs and to Abide Decree with incorporated undertaking as above for the payment into Court of the value of Petitioners' interest in the identified vessel and their pending freight at the termination of the voyage in question, whenever the same shall be determined and ordered by the Court, in addition to costs of court and interest at the rate of six percent (6%) per annum and that the Court order such increases and decreases in such Ad Interim Stipulation as the Court may from time to time deem proper;

(3)     That this Honorable Court make and enter an Order directing the issuance of a Monition to all entities and/or persons claiming damage for any and all loss, damages, destruction,

death or personal injuries done, occasioned or incurred during or resulting from the incident of January 8, 2024 and/or trip/voyage during which this incident occurred, as hereinabove described, citing each of them to file their claims with the Clerk of this Honorable Court and serve copies of said claims upon the attorneys for Petitioners on or before the date fixed by the Court in the Monition or be forever barred and permanently enjoined from making or filing any such claims, to make due proof of their respective claims before the Commissioner or this Court as the Court may direct, and also to appear and answer the allegations of this Complaint and Petition according to the law and rules and practices of this Honorable Court at or before a certain time to be affixed by the Monition;

(4)   That upon the filing of an Ad Interim Stipulation as may be directed by the Court to be proper, an injunction be issued staying the prosecution of all suits, actions, and proceedings already begun to recover for damages alleged to have been sustained or arising out of or resulting from or during the incidents and/or voyage hereinabove described and restraining commencement or prosecution hereinafter of any suits, actions, or legal proceedings of any nature or description whatsoever, except in the present proceedings against the Petitioners (inclusive of their respective agents, servants, employees, Masters, crewmembers, representatives, successors or assigns or any other persons or entities for whom Petitioners may be responsible) or the M/V JACQUES-IMO and/or T/B SHAMROCK 500 in respect of any claim or claims arising out of the aforesaid incident and/or trip/voyage described herein.

(5) That the Court in this proceeding adjudge that Petitioners herein are not liable for any loss, damage, death, destruction or personal injury, nor for any other claim whatsoever arising out of, during or consequent upon the aforesaid incident and/or trip/voyage, that Petitioners are exonerated from any and all liability which has been or may be claimed against the or either of them as a result of same, or, in the alternative, that if such liability ever existed, then such liability be limited to the amount of the value of each Petitioners' interest in the M/V JACQUES-IMO and/or T/B SHAMROCK 500 and their pending freight immediately after the aforesaid incident and/or trip/voyage, and that the money paid or secured to be paid as aforesaid be divided prorata among such Claimants as they may duly prove their claims before this Honorable Court or a Commissioner, if one be appointed, saving to all parties any priorities they may be legally entitled to and that a Final Decree be entered discharging Petitioners and the M/V JACQUES-IMO and T/B SHAMROCK 500 from all such further liability; and

(6) That Petitioners have such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled to receive.

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN
& DICKER LLP

By:_____

Ronald L. White
State Bar No. 21328300
909 Fannin, Suite 3300
Houston, Texas 77010

11

Phone: 713-353-2306
Ronald.White@wilsonelser.com
ATTORNEYS FOR PETITIONERS,
TIMTOM LAND HOLDINGS, LLC,
SHAMROCK MARINE, LLC and
BUFFALO MARINE SERVICE, INC.