**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | § | |
| **COMPLAINT AND PETITION OF** | § | |
| **TIMTOM LAND HOLDINGS, LLC AS** | § | |
| **OWNER OF THE M/V JACQUES-IMO,** | § | |
| **SHAMROCK MARINE, LLC AS** | § | **CIVIL ACTION NO. ADMIRALTY** |
| **OWNER OF THE T/B SHAMROCK 500** | § | **– FRCP 9(h)** |
| **AND BUFFALO MARINE SERVICE** | § | |
| **INC. AS OWNER PRO HAC VICE OF** | § | |
| **THE M/V JACQUES-IMO AND T/B** | § | |
| **SHAMROCK 500 IN A CAUSE OF** | § | |
| **EXONERATION FROM OR** | § | |
| **LIMITATION OF LIABILITY** | § | |

**ANSWER, AFFIRMATIVE DEFENSES, AND CLAIMS
TO THE ORIGINAL COMPLAINT AND PETITION FOR
<u>EXONERATION FROM OR LIMITATION OF LIABILITY</u>**

COMES NOW, through undersigned counsel, Danaos Shipping Co., Ltd. and Speedcarrier (No. 3) Corp. (hereinafter collectively referred to as "Claimants") who file this Answer to the Original Complaint and Petition for Exoneration from or Limitation of Liability filed by Timtom Land Holdings, LLC, as Owner of the M/V JACQUES-IMO, her engines, tackle appurtenances, etc., Shamrock Marine, LLC, as Owner of the T/B SHAMROCK 500, her engines, tackle appurtenances, etc. and Buffalo Marine Service, Inc., as Owner Pro Hac Vice of the M/V JACQUES-IMO, her engines, tackle, appurtenances, etc. and of the T/B SHAMROCK 500, her engines, tackle, appurtenances, etc. (hereinafter collectively referred to as "Limitation Petitioners") and respectfully aver as follows:

<u>**ANSWER**</u>

1.       The allegations of Paragraph I are denied, except to admit that this Court has jurisdiction over this matter under the Court's admiralty and maritime jurisdiction.

2.     The allegations of Paragraph II are denied for lack of sufficient knowledge or information to justify a belief herein.

3.     The allegations of Paragraph III are denied for lack of sufficient knowledge or information to justify a belief herein.

4.     The allegations of Paragraph IV are denied for lack of sufficient knowledge or information to justify a belief herein.

5.     The allegations of Paragraph V are denied for lack of sufficient knowledge or information to justify a belief herein.

6.     The allegations of Paragraph VI are denied for lack of sufficient knowledge or information to justify a belief herein.

7.     The allegations of Paragraph VII are denied for lack of sufficient knowledge or information to justify a belief herein.

8.     The allegations of Paragraph VIII are denied for lack of sufficient knowledge or information to justify a belief herein.

9.     The allegations of Paragraph IX are denied except as specifically stated in pleadings filed in *Habibu Othman Khamis v. STRIDE, Danaos Corp., Ironman Protection LLC, Memorial Hermann Health System, and COSCO Shipping Lines (North America) Inc.*, Civil Action No. 4:24-cv-1001 in the United States District Court for the Southern District of Texas, Houston Division and *In the Matter of Danaos Shipping Co., Ltd. and Speedcarrier (No. 3) Corp. as Owners and/or Operators of the M/V Stride Exoneration from or Limitation of Liability*, Civil Action No. 4:24-cv-02540 in the United States District Court for the Southern District of Texas, Houston Division.

10.     The allegations of Paragraph X are denied.

11.     The allegations of Paragraph XI are denied for lack of sufficient knowledge or information to justify a belief herein.

12.     The allegations of Paragraph XII(1) and (2) are denied except as specifically stated in the pleadings of the lawsuits referenced therein.

13.     The allegations of Paragraph XIII(1) and (2) are denied except as specifically stated in the pleadings of the lawsuits referenced therein.

14.     The allegations of Paragraph XIV are denied for lack of sufficient knowledge or information to justify a belief herein.

15.     The allegations of Paragraph XV are denied for lack of sufficient knowledge or information to justify a belief herein.

16.     Claimants deny that the Limitation Petitioners are entitled to the benefits claimed in Paragraph XVI and Claimants demand specific proof thereof.

17.     Claimants deny that the Limitation Petitioners are entitled to the benefits claimed in Paragraph XVII and Claimants demand specific proof thereof.

18.     The allegations of Paragraph XVIII do not require a response from Claimants.

19.     The allegations of Paragraph XIX are not statements of fact, but conclusions of law, from which no response is necessary from these complaints. However, if a response is needed, then said allegations are denied because Limitation Petitioners are not entitled to the benefits claimed therein.

20.     The allegations of Paragraph XX(1)-(6) are denied, except to admit that the this matter is within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

**AND NOW**, setting forth its Affirmative Defenses, Claimants assert the following:

## FIRST DEFENSE

21.     The limitation fund is inadequate, and the complaint should be dismissed because Limitation Petitioners have failed to deposit adequate security for the vessel(s) identified in the complaint pursuant to Rule F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, but reserve the right to amend after appraisal of the vessel(s).

## SECOND DEFENSE

22.     The Limitation of Liability Act is not applicable to the instant case because at all times material hereto, the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions that led to the underlying incident occurred with the privity and knowledge of their owners, managing owners, owners *pro hac vice*, agents, employees, representatives, and/or operators.

## THIRD DEFENSE

23.     The Limitation of Liability Act is not applicable in the instant case because, at all times pertinent herein, the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 were known by their owners and/or owners *pro hac vice* to be unseaworthy for, among other things, failing to properly train the crew, failing to follow safe work and operational procedures, failing to properly maintain the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 and their appurtenances, failing to conduct adequate inspection of the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 and their appurtenances, failing to properly supervise the work with competent employees, failing to provide a competent crew and safe equipment, improper management of the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 and/or their crew, and/or other failures, acts, or omissions of the Limitation Petitioners and of the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 that may be shown at trial.

## FOURTH DEFENSE

24.     The Limitation of Liability Act is not applicable in the instant case because the owners and/or owners *pro hac vice* of the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 did not use due diligence to make the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 seaworthy.

## FIFTH DEFENSE

25.     The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 and/or the other vessels contained within the flotilla were known by the owners and/or owners *pro hac vice* to be unseaworthy.

## SIXTH DEFENSE

26.     The Letter of Undertaking posted as security in the complaint is improper and inadequate security for the proceeding and the complaint should be dismissed for failure to post security and/or adequate security.

## SEVENTH DEFENSE

27.     To the extent Limitation Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners/operators. In the alternative, no *prima facie* case has been made establishing that they are entitled to avail themselves of the Limitation of Liability Act.

## EIGHTH DEFENSE

28.     The allegations of the complaint fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Limitation Petitioners lack standing to pursue a claim for exoneration from or limitation of liability under the Limitation of Liability Act.

## NINTH DEFENSE

29.     The complaint also contains vague and ambiguous statements that are objectionable under Federal Rule of Civil Procedure 12(e) and Claimants seek more definitive statements of the allegations, regardless of the nature, manner, and extent of their claim and answer herein.

## TENTH DEFENSE

30.     The events culminating in Claimants' damages were the result (in whole or in part) of the negligent, fault, or want of due care on the part of Limitation Petitioners and/or those for whom Limitation Petitioners are responsible and/or the unseaworthiness of the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 and/or other vessels within the flotilla under common operational control, supervision, and enterprise, all of which was within the privity and knowledge of Limitation Petitioners, for which the complaint should be denied.

## ELEVENTH DEFENSE

31.     The events culminating in Claimants' damages were not the result of any negligence, fault, or want of due care on their part.

## TWELFTH DEFENSE

32.     Claimants further allege that there was insurance coverage on the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 insuring Limitation Petitioners in the event of an occurrence such that which is the subject of Claimants' claims, and the proceeds of such

insurance policy should be included in this limitation proceeding (solely in the event that the Court determines this limitation proceeding is appropriate).

## THIRTEENTH DEFENSE

33.     Claimants state that the proceeds of any judgment, award, or settlement that may be obtained or received by Limitation Petitioners from any third-party recompense of any losses or damages sustained herein to the property or interests of Limitation Petitioners, as a result of the fault or alleged fault of said third-party, must be included in the limitation fund.

## FOURTEENTH DEFENSE

34.     In filing this answer and claim, Claimants specifically reserve all rights to pursue all available claims in the forum of their choice (including in state court) for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1333, the Jones Act, the general maritime law, and all other remedies (including state law remedies). The filing of this claim and answer is in no way a waiver of these rights and defenses, and Claimants are not agreeing to join all issues in this proceeding by filing this claim and answer.

## FIFTEENTH DEFENSE

35.     Claimants reserve the right to contest the appraised value of the M/V JACQUES-IMO and the T/B SHAMROCK 500 and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc. and the adequacy of the security posted.


## SIXTEENTH DEFENSE

36.     The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the

minerals and other appurtenances, attachments, freight, and/or cargo aboard the M/V JACQUES-IMO and the T/B SHAMROCK 500, subject to the control of same, and/or owned by the Limitation Petitioners.

**SEVENTEENTH DEFENSE**

37.    Claimants reserve the right to supplement this answer with additional affirmative defenses and other defenses as they are revealed through discovery.

**AND NOW**, Claimants hereby set forth their claims against the Limitation Petitioners as follows:

**CAUSE OF ACTION: NEGLIGENCE**

38.    On January 8, 2024, a fire occurred in the engine room of the M/V STRIDE during fuel transfer operations. The M/V JACQUES-IMO and T/B SHAMROCK 500 supplied the bunker fuel to the M/V STRIDE. Upon information and belief, the M/V JACQUES-IMO and T/B SHAMROCK 500 were operated by Limitation Petitioners' crew members.

39.    During fuel loading operations, bunkering fuel quickly overfilled the M/V STRIDE's starboard fuel tank. In response, the M/V STRIDE's crew immediately instructed Limitation Petitioners' crew members to stop all bunkering. Limitation Petitioners' crew members were delayed in stopping the fuel transfer, allowing an unknown amount of bunkering fuel overflowed into the M/V STRIDE's engine room. Claimants contend that the crew(s) of the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 were negligent in conducting bunkering operations, failed to exercise reasonable care in conducting bunkering operations, and operated the bunker barge in an unsafe manner.

40.    The spilled bunkering fuel caught fire and trapped three of the M/V STRIDE's crew members inside the engine room. Two of the crew members perished from the fire and the

8

third crew member, Habibu Othman Khamis (hereinafter, the "Personal Injury Claimant"), was rescued from the engine room and treated for his injuries.

41.     The M/V STRIDE suffered significant damage caused, in whole or in part, by the fault and negligence of Limitation Petitioner and/or the crew(s) of the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 in conducting bunkering operations. The M/V STRIDE was ultimately declared a total loss following the incident. Claimants contend that Limitation Petitioner and/or the crew(s) of the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 and/or the unseaworthiness of the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 caused, in whole or in part, and/or contributed to the damage suffered by the M/V STRIDE. Claimants contend that Limitation Petitioner and/or the crew(s) of the M/V JACQUES-IMO and/or the T/B SHAMROCK 500 conducted bunkering operations in a negligent, inattentive, and unsafe manner.

42.     Claimants aver that Limitations Petitioners negligence and/or the unseaworthiness M/V JACQUES-IMO and/or the T/B SHAMROCK 500 caused Claimant to suffer significant damage to the M/V STRIDE, sustain exorbitant loss of use damages, and incur extensive operating costs and expenses.

43.     On March 7, 2024, the Personal Injury Claimant filed a lawsuit against Claimants in the 164th Judicial District Court of Harris County, Texas, bearing Cause No. 2024-14985 and entitled *Habibu Othman Khamis v. STRIDE, Danaos Corp. and Ironman Protection*. The lawsuit was subsequently removed on March 18, 2024 and is now styled as *Habibu Othman Khamis v. STRIDE, Danaos Corp., Ironman Protection LLC, COSCO Shipping Lines (North America) Inc., and Buffalo Marine Service, Inc.*, Civil Action No. 4:24-cv-1001 in the United States District

Court for the Southern District of Texas, Houston Division. Claimants maintain that they were in no way negligent, liable, or at fault for the Personal Injury Claimant's incident.

44.     Importantly, the Personal Injury Claimant's live pleading in federal court asserts negligence claims against Claimants and Limitation Petitioners, among others. Limitation Petitioners' negligence allegedly arose from numerous acts and omissions committed by Limitation Petitioners during the fuel loading process. Accordingly, Claimants have sustained damages, losses, and expenses in defending against the specific allegations directed at Limitation Petitioners by the Personal Injury Claimant. Therefore, Claimants are entitled to contribution and/or indemnity under the general maritime law from Limitation Petitioners and/or any other parties that seek to limit their liability in this limitation proceeding.

## CAUSE OF ACTION: CONTRIBUTION

45.     Claimants re-allege and re-assert the allegations contained in Paragraphs 38-44 as if set forth herein. In the event Claimants are held liable to the Personal Injury Claimant or any other parties for any reason, Claimants are entitled to contribution under general maritime law from Limitation Petitioners and/or any other parties that seek to limit their liability in this limitation proceeding.

## CAUSE OF ACTION: INDEMNITY

46.     Claimants re-allege and re-assert the allegations contained in Paragraphs 38-44 as if set forth herein. In the event Claimants are held liable to the Personal Injury Claimant or any other parties for any reason, Claimants are entitled to indemnity under general maritime law from Limitation Petitioners and/or any other parties that seek to limit their liability in this limitation proceeding.

**WHEREFORE,** Claimants prays that its Claims in Limitation be deemed good and sufficient, and after due proceedings are had, there be judgment in favor of Danaos and against Buffalo Marine Service, Inc., Timtom Land Holdings, LLC, Shamrock Marine, LLC, together with legal interest, costs, and for all general equitable or other relief to which it may be entitled by law or equity.

Respectfully submitted,

*/s/Kelly C. Hartmann*
Kelly C. Hartmann
   State Bar No. 24055631
   Federal Bar No. 777411
   khartmann@gallowaylawfirm.com
Trenton J. Wallis
   State Bar No. 24113454
   Federal Bar No. 3412033
   twallis@gallowaylawfirm.com
Jacob C. Soto
   State Bar No. 24126644
   Federal Bar No. 3712679
   jcsoto@gallowaylawfirm.com
GALLOWAY, JOHNSON, TOMPKINS
  BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 – telephone
(713) 599-0777 – facsimile

**ATTORNEYS FOR DEFENDANTS, DANAOS SHIPPING CO. LTD. AND SPEEDCARRIER (NO. 3) CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court approved electronic filing manager via email to participating parties and/or via hand delivery, and/or facsimile and/or certified mail, return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 6th day of September 2024.

*/s/ Jacob C. Soto*
Kelly C. Hartmann
Trenton J. Wallis
Jacob C. Soto